THEODIS MORRISON, PLAINTIFF-RESPONDENT, v. NATHAN H. BERGER, DEFENDANT-APPELLANT.

Decided March 10, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Williams & Leonard* (*Lester C. Leonard,* of counsel).

For the respondent, *Benjamin M. Weinberg.*

PER CURIAM.

The facts presented on this appeal, briefly stated, are that the plaintiff below, respondent here, on May 13th, 1928, while riding on his father's auto truck, which was then being operated by the father along Belmont avenue, a public street in Newark, the truck was run into by an automobile operated by the defendant-appellant, and as a result, the plaintiff was seriously injured.

There are two grounds of appeal upon which the appellant relies for a reversal of the judgment against him.

The grounds relied on seem to be ignored in the brief of counsel of appellant, as is indicated in the very first point argued in his brief, wherein he states: "That the court erred in submitting to the jury an issue of joint liability when the complaint contained no allegation of joint negligence." But this circumstance is not made a ground of appeal. Even if it were, from a reading of the record before us, it is obviously without any merit.

The appellant states his first ground of appeal to be: "Because the trial court erred in charging as follows: 'Perhaps I ought to go a step further at this time and say that we are not concerned in this case as to whether or not his father, who was operating the truck, was guilty of negligence, unless indeed it was the sole negligence of his father which caused this accident; because, even assuming that his father was negligent in the operation of his truck, that would not prevent his son from recovering if you found that Mr. Berger was also negligent in the operation of his automobile and that his negligent operation of his automobile coinciding with the negligence of the father of this plaintiff was the proximate cause of the collision and his injuries. Under those circumstances the young man Theodis would still be entitled to your verdict. In other words, if both the father and Mr. Berger were negligent in the operation of their two automobiles and if their concurring negligence, their negligence acting together, was the proximate cause of this collision, the son would be entitled to your verdict against Mr. Berger.'"

We think the trial judge accurately laid down the legal rules applicable to the facts developed by the testimony in the cause. The record discloses no exception taken by counsel of appellant to that part of the judge's charge, as above recited, and made the first ground of appellant's appeal. It is to be further observed that the excerpt, under consideration, contains several distinct legal propositions, and neither the exception nor the ground of appeal points out in which statement of the legal propositions applicable to the facts of the case the trial judge committed error.

It is settled law where a broad exception is taken to a portion of a charge which involves two distinct legal propositions, one sound and the other unsound, unless the particular error is definitely pointed out in the exception and in the ground of appeal the exception taken will be of no avail.

Now as to the second ground of appeal relied on by appellant for a reversal of the judgment which is stated to be: "Because the trial court erred in charging as follows: 'The burden of proving contributory negligence and the burden of proving that he was out upon that running board and that it was because of his being on the running board that he received his injuries in this collision was upon the defendant. The defendant must show that by the greater weight of the evidence before he is entitled to have you find contributory negligence on the part of this young man, but if it does so appear from the greater weight of the evidence that that is where he was and that that contributed to his injuries, then your verdict should be in favor of the defendant, Berger.' "

The trial judge accurately stated the legal principle governing the subject-matter with which he was dealing.

The criticism made upon this portion of the charge of the trial judge as to its legal accuracy is frivolous.

Judgment is affirmed, with costs.